IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KRYSTAL DAWN LEWIS, | § | |
| FCI 20433-179, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-2389 |
| | § | |
| WARDEN JOYCE FRANCIS, | § | |
| | § | |
|     Respondent. | § | |

OPINION ON DISMISSAL

Federal prisoner Krystal Dawn Lewis has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 to challenge a policy by the United States Bureau of Prisons regarding placement of prisoners in a community confinement center. After reviewing all of the pleadings, and the applicable law, the Court denies the petition and dismisses this case for reasons that follow.

I.     BACKGROUND

Petitioner was sentenced to one year confinement on February 24, 2005, following her conviction in the United States District Court for the Western District of Louisiana for interstate travel in aid of unlawful activity. *See United States v. Lewis*, 2:03CR20063-001. Petitioner does not challenge her underlying conviction here. Instead petitioner has filed a federal habeas corpus petition under 28 U.S.C. § 2241 to challenge a revised policy implemented by the Bureau of Prisons (the "BOP") that will purportedly affect her sentence.

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is correctly used to challenge the manner in which a sentence is executed. *See Reyes-Requena v. United States*, 243 F.3d 893, 900-01 (5th Cir. 2001). A § 2241 petition that attacks the manner in which a sentence is carried out or a determination affecting the length of its duration "must be filed in the same district where the

prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). Because the petitioner is in custody at the nearby Federal Prison Camp in Bryan, Texas, this Court has jurisdiction over her petition.

The challenged policy was revised and implemented by the BOP in December 2002. This revised policy reportedly limits the amount of time that defendants sentenced to imprisonment may spend in a community confinement center ("CCC"), sometimes referred to as a halfway house, prior to their release from custody. According to petitioner, she is entitled to relief under § 2241 because the policy, as revised by the BOP in December 2002, is based on an incorrect interpretation of the federal statutes concerning placement of offenders in CCC facilities. *See* 18 U.S.C. § 3624. Petitioner argues that the policy, as revised in December 2002, is illegal. In particular, petitioner contends that the revised policy violates her rights under the Fifth and Fourteenth Amendments. The Court concludes, however, that the petition must be dismissed for reasons set forth briefly below.

II.   DISCUSSION

Petitioner concedes that she has failed to exhaust her administrative remedies by presenting her claims to the BOP before filing this suit. The Fifth Circuit has determined that a federal prisoner seeking relief under 28 U.S.C. § 2241 "must first exhaust his administrative remedies through the Bureau of Prisons." *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (citing *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990) (citations omitted); *Lundy v. Osborn*, 555 F.2d 534, 534-35 (5th Cir. 1977) ("[G]rievances of prisoners concerning prison administration should be presented to the Bureau [of Prisons] through the available administrative channels. Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case.") (citations omitted)).

The BOP has established a three-tiered administrative remedy procedure for federal prisoners. *See* 28 C.F.R. §§ 542.10 – 542.19 (2003). Under this system, an inmate may file a formal grievance with the warden if informal resolution is not successful. *See id.* at § 542.13. Once the warden denies an inmate's grievance, the prisoner may appeal to the Regional Director. If dissatisfied with that response, the inmate may pursue a final appeal to the BOP's Office of General Counsel. *See id.* at § 542.15(a). Administrative remedies have not been exhausted until the inmate's claim has been filed and denied at all levels. *See Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994).

Petitioner argues that she is not required to exhaust her administrative remedies in this instance because it would be futile to do so. Exceptions to the exhaustion requirement are appropriate only where "'the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (quotation omitted). The petitioner bears the burden of showing the futility of exhaustion. *Id.*

In support of her contention that exhaustion would be futile in this case, petitioner points to *Elwood v. Jeter*, 386 F.3d 842 (8th Cir. 2004), which addressed the BOP's December 2002 policy regarding CCC placement and held that a federal prisoner was not required to exhaust administrative remedies because continued use of the grievance procedure to contest the BOP's policy was futile. *Id.* at n.2. In the present case, however, petitioner argues that other prisoners have successfully challenged the BOP's December 2002 policy on CCC placement and obtained relief. Petitioner observes that the BOP has actually "settled" with certain prisoners who have challenged the December 2002 policy. (Docket Entry No. 1, Petition, at 6).

3

More significantly, it appears that a new policy on CCC placement has recently superseded the one challenged by petitioner. *See Community Confinement*, 28 C.F.R. § 570.21; *see also Bilinsky v. Federal Bureau of Prisons*, 2005 WL 1475558 (D. N.J. June 22, 2005) (denying habeas corpus relief on a challenge to the December 2002 policy on placement in a community confinement center in light of the changed policy). These new regulations reportedly went into effect on February 14, 2005. Because petitioner has not clearly shown that exhaustion would be futile, her petition is therefore subject to dismissal for failure to exhaust administrative remedies.

III.   CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

1. The petition for a federal writ of habeas corpus (Docket Entry No. 1) is DENIED.

2. This case is DISMISSED without prejudice for failure to exhaust administrative remedies.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on July 29th, 2005.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE